IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROCHELLE WISE, ) | |
| ) | Case No. 15-cv-10862 |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| STELLAR RECOVERY, INC., ) | |
| ) | Jury Demanded |
| Defendant. ) | |

## COMPLAINT

Plaintiff Rochelle Wise brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

## VENUE AND JURISDICTION

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## PARTIES

3. Rochelle Wise ("Plaintiff") is a resident of the state of Illinois from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted Express consumer credit account. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

4.	Defendant Stellar Recovery, Inc., ("Stellar") is a Florida corporation that does or transacts business in Illinois. Its registered agent and office is Business Filings Incorporated, 118 W Edwards Street, Suite 200, Springfield, Illinois 62704. (Exhibit A, Record from Illinois Secretary of State).

5.	Stellar is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

6.	Defendant Stellar is a "debt collector" as defined in in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

7.	Plaintiff incurred a debt for services used for personal purposes, originally for an Comcast consumer utility account ("alleged debt"). The alleged debt is a "debt" as that term is defined at § 1692a(5) of the FDCPA.

8.	Due to her financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

9.	The alleged debt was subsequently assigned, or otherwise transferred to Stellar for collection after sometime default.

10.	On or about June 29, 2015 Stellar mailed Plaintiff a collection letter ("Letter"). (Exhibit B, Collection Letter).

11.	The Letter conveyed information regarding the alleged debt, including the identity of the current creditor, an original account number and a total due on the alleged debt.

12.	The Letter was thus a communication as that term is defined at §1692a(2) of the FDCPA.

13. The Letter states, "If you choose to pay this amount due by credit/debit card or by check over the telephone, you may be charged a convenience and processing fee."

14. The Illinois Collection Agency Act, 225 ILCS 425/9(a)(29), makes unlawful "[c]ollecting or attempting to collect any interest or other charge or fee in excess of the actual debt or claim unless such interest or other charge or fee is expressly authorized by the agreement creating the debt or claim unless expressly authorized by law or unless a commercial transaction such interest or other charge or fee is expressly authorized in a subsequent agreement. . . ."

15. Plaintiff's agreement with Comcast does not authorize a convenience fee. (Exhibit C, Comcast Agreement for Residential Services, §f).

16. In fact, Plaintiff's agreement with Comcast authorizes only the reasonable costs of collection, including collection agency's fees, reasonable attorneys' fees, and arbitration or court costs.

17. A convenience fee may therefore not be charged under Illinois law.

18. 15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (2) The false representation of—
(A) the character, amount, or legal status of any debt; or . . .**

**. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

19. Defendant falsely represented the character of the debt, in violation of 15 U.S.C. § 1692e(2) when it communicated that a convenience fee may apply to credit or debit card payments that was not authorized under Illinois law.

20. Defendant used a false representation to attempt to collect a debt, in violation of 15 U.S.C. § 1692e(10) when it communicated to Plaintiff that the convenience fee would be charged if she paid by credit or debit card.

21. 15 U.S.C. § 1692f of the FDCPA provides as follows:

**Unfair Practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
    **(1) The collection of any amount (including any interest, fee, charge or expense incidental to the principle obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .**

22. Defendant used unfair and unconscionable means to collect the alleged debt, in violation of 15 U.S.C. §§ 1692f and 1692f(1) when it attempted to collect a fee for check or credit/debt card payments made by telephone, not expressly authorized by agreement or permitted by law.

23. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I- FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff re-alleges above paragraphs as if set forth fully in this count.

25. Defendant falsely represented the character of the debt, in violation of 15 U.S.C. § 1692e(2) when it communicated that a convenience fee may apply to credit or debit card payments that was not authorized under Illinois law.

26. Defendant used a false representation to attempt to collect a debt, in violation of 15 U.S.C. § 1692e(10) when it communicated to Plaintiff that the convenience fee would be charged if she paid by credit or debit card.

27. Defendant used unfair and unconscionable means to collect the alleged debt, in violation of 15 U.S.C. §§ 1692f and 1692f(1) when it attempted to collect a fee for check or credit/debt card payments made by telephone, not expressly authorized by agreement or permitted by law.

28. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of statutory damages, costs and reasonable attorney fees.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant as follows:

    A. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

    B. Costs and reasonable attorney fees pursuant to 15 U.S.C. 1692k(a)(3);

    C. And such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

                                                By: s/Michael J. Wood
                                                One of Plaintiff's Attorneys

Michael Wood
Andrew Finko

Bryan Thompson
***Wood Finko & Thompson P.C.***
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
mwood@woodfinkothompson.com
afinko@woodfinkothompson.com
bthompson@woodfinkothompson.com